# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAMIEN T. DENNIS | ) | 3:10-cv-00591-ECR-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 23, 2012 |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u> Katie Lynn Ogden </u>   REPORTER:   <u>                    FTR                    </u>

COUNSEL FOR PLAINTIFF:   <u> Damien T. Dennis, In Pro Per (Telephonically)           </u>

COUNSEL FOR DEFENDANT(S):   <u> Micheline Fairbank                                   </u>

**MINUTES OF PROCEEDINGS: Continued Motion Hearing**

11:04 a.m. Court convenes.

The court advises the parties that the supplemental documents submitted by both plaintiff (Dkt. #73) and  defendants (Dkt. #66) have been reviewed and this hearing will proceed with regard to plaintiff's Motion to Compel (Dkt. #55).

Ms. Fairbank represents that the Administrative Regulations of the Nevada Department of Corrections ("NDOC") govern the confidentiality of records.  Furthermore, plaintiff's opposition (Dkt. #73), itself, indicates that the only reason he is requesting employment records is to establish prior bad acts of NDOC personnel.  The prejudice that would occur in providing these records would outweigh any probative value and, pursuant to Fed. R. Evid. 403, it is proper to exclude these documents, even with respect to discovery.

Mr. Dennis indicates concern that defendants are able to refer to alleged past assaults against correctional officers made by plaintiff within their motion for summary judgment (Dkt. #69); however, he is being prevented from obtaining documents that not only show prior bad acts but would lead to other discoverable evidence.   Mr. Dennis represents that LR 16.1-4 provides that "discovery and initial disclosures cannot be withheld on the basis of confidentiality absent court order."  Mr. Dennis notes that a protective order has not been filed in this matter.

**MINUTES OF THE COURT**
3:10-cv-00591-ECR-WGC
Date: August 23, 2012
Page 2
_____

The court notes that it appears defendants did not ask for a protective order because of the reliance from the outset on administrative regulations, which prohibit producing the requested documents.

The court briefly reviews plaintiff's Request for Production No. 4 (Dkt. #55). Mr. Dennis indicates that the intention of this request is to gain confirmation of prior bad acts which may lead to further discoverable evidence/documents and a pattern of behavior. The court notes that Fed. R. Evid. 403 prohibits the admissibility of such evidence; however the discoverability may be another question. The court asks Mr. Dennis to clarify how exactly this information would be useful.

Mr. Dennis indicates that he is aware of the inadmissibility of the documents; however, at this point in time, his intent is to only obtain the documents through discovery.

The court recognizes that plaintiff is not requesting personal identifiers that may be included within the documents plaintiff is seeking. The court is, however, concerned by the representation made by Mr. McDaniel in his declaration (Dkt. #66-1) regarding the discussion of policy considerations. The court is also mindful of the direction of the United States Supreme Court (*Turner v. Safley*, 482 U.S. 78, 1987) and that the district court is to give great deference to the administration of the prison environment. Specifically, the court must consider the impact on other inmates, on correctional officers, and on the allocation of prison resources, should plaintiff's request be granted.

The court proceeds to rule on plaintiff's motion to compel and notes that the information Mr. Dennis seeks falls in line with character evidence under Fed. R. Evid. 403, which is not admissible in a proceeding; however the question is not admissibility but, rather, discoverability. The court finds that defendants, by referencing NDOC Administrative Regulation 308.01, have met the burden in showing that the confidentiality of these records outweighs the need for discovery at this stage in the proceedings. Therefore, plaintiff's Motion to Compel (Dkt. #55) is **DENIED** as to the Request for Production No. 4.

11:29 p.m. Court Adjourns.


**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK


By: _____/s/_____
     Katie Lynn Ogden, Deputy Clerk