# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAMIEN T. DENNIS,              )<br>                                              )<br>              Plaintiff,            )<br>                                              )<br>    vs.                                    )<br>                                              )<br>STATE OF NEVADA ex rel. DEPARTMENT )<br>OF CORRECTIONS et al.,    )<br>                                              )<br>              Defendants.        )<br>                                              ) | 3:10-cv-00591-RCJ-WGC<br><br>**ORDER** |

This is a prisoner civil rights action arising out of an alleged use of excessive force. At the close of Plaintiff's evidence at trial, Defendants asked the Court to enter judgment for Defendants as a matter of law under Rule 50(a) based upon a lack of evidence.

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). Defendants argue that Plaintiff has provided no evidence at trial that either Officers Stubbs or Officer Deeds used excessive force or acted with the malice required to support an excessive force claim under the Eighth Amendment. The Court agrees in part.

Plaintiff's testimony tends to show only that Officer Stubbs slammed Plaintiff's head against the cell wall and punched him after he was taken to the ground. Although the jury might believe that these acts were reasonably necessary to subdue an intransigent inmate, it might also determine that the acts were not necessary, but were malicious. As to Officer Deeds, however,

1  Plaintiff's testimony only indicates that Officer Deeds helped to subdue Plaintiff based on having
2  been ordered to do so by Lt. Minnix, not that he engaged in any of the malicious behavior, i.e.,
3  the head-slamming and punching.  Moreover, Plaintiff's testimony tends to show that only
4  Officer Stubbs had a malicious motive for allegedly so attacking him, i.e., retaliation for having
5  allegedly disrespected Officer Bolden.  No testimony implied any malicious motivation by
6  Officer Deeds.  Because a reasonable jury could not find that Officer Deeds himself used
7  excessive force or acted with malice or sadism, Officer Deeds is entitled to judgment as a matter
8  of law.  Officer Stubbs is not so entitled.  Plaintiff's admittedly self-interested testimony that
9  Officer Stubbs slammed him against the wall harder than necessary to subdue him and punched
10  him three times while he was on the ground could lead a reasonable jury to conclude that the
11  force used was excessive.  Plaintiff's and Witness Reed's testimony concerning Officer Stubbs's
12  comments before, after, and during the incident could lead a reasonable jury to conclude that the
13  force Stubbs himself used was in retaliation for Plaintiff's comments to Officer Bolden, and not
14  merely to subdue him for the cell search.

## CONCLUSION

16  IT IS HEREBY ORDERED that the Motion for Judgment as a Matter of Law is
17  GRANTED as to Terrance Deeds but DENIED as to Tom Stubbs.
18  IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Defendant
19  Terrance Deeds and against Plaintiff Damien Dennis.
20  IT IS SO ORDERED.
21  Dated this 17th day of October, 2014.

_____
ROBERT C. JONES
United States District Judge